**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-735-XR |
| | § | |
| Real Property Known as a Single-Family | § | |
| Residence Located and Situated at 19211 | § | |
| Grey Bluff Cove, San Antonio, Texas, Bexar | § | |
| County, Texas, | § | |
| | § | |
| *Respondent.* | § | |

**ORDER**

Before the Court is Claimant Herminia L. Martinez DelaFuente's Motion to Dismiss Petitioner's Complaint for Forfeiture for Lack of Jurisdiction (Docket No. 13), Claimant's Motion to Dismiss Complaint for Failure to Satisfy the Pleading Requirements of Federal Rule of Civil Procedure Supplemental Rule E(2) and G(2) (Docket No. 15), and Claimant's Motion to Dismiss Amended Verified Complaint for Forfeiture, pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim upon which Relief can be Granted (Docket No. 22).  For the following reasons, the Court will deny each motion.

**I.  Background**

On August 27, 2015 Petitioner United States of America ("Petitioner") commenced civil forfeiture proceedings *in rem* against a single family residence located at 19211 Grey Bluff Cove, San Antonio, Texas.  (Docket No. 1).  Petitioner alleges the property was subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), (B), and (C), which permits the government to seize real property involved in a transaction that violates 18 U.S.C. §§ 1956 and 1957.  *See* docket no. at 2; 18 U.S.C. § 981(a)(1).  Thereafter, Petitioner filed an *ex parte* application to seal

1

the Facts in Support of Verified Complaint for Forfeiture to protect the ongoing criminal investigation.  (Docket No. 2).  The application to seal the facts was granted.  (Docket No. 3).

Claimant Herminia L. Martinez DelaFuente ("Claimant") filed a claim asserting an interest in the property sought to be forfeited on September 23, 2015.  (Docket No. 11).  On October 12, 2015 Claimant filed her first motion to dismiss, seeking to dismiss Petitioner's Complaint for lack of personal jurisdiction.  (Docket No. 13).  Claimant filed a second motion to dismiss on October 21, 2015 seeking to dismiss Petitioner's Complaint for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure Supplemental Rules E(2) and G(2).  (Docket No. 15).  In response, Petitioner filed an Amended Verified Complaint for Forfeiture on November 10, 2015.  (Docket No. 18).  In the Amended Complaint, Petitioner alleges the property is traceable to proceeds arising from unlawful activity criminalized by the Republic of Mexico and is subject to forfeiture because the offenses alleged would be punishable in both the United States and the Republic of Mexico with imprisonment beyond one year.  (Docket No. 18 at 2–3).  Claimant then filed her third motion to dismiss, arguing Petitioner failed to state a claim upon which relief may be granted and failed to plead sufficiently detailed facts to satisfy the pleading requirements of Supplemental Rule G(2).  (Docket No. 22).

## II.  Standard of Review

As a preliminary matter, the Court notes the Petitioner's filing of an Amended Verified Complaint for Forfeiture has rendered Claimant's first two motions to dismiss moot.  Therefore, Claimant's motion to dismiss for lack of personal jurisdiction (Docket No. 13)[1] and Claimant's

---

[1] Claimant cites to *Morrison v. Nat'l Australia, Ltd.*, 561 U.S. 247 (2010) for the proposition that this Court lacks personal jurisdiction over the Claimant.  But in matters regarding the forfeiture of property, a court retains jurisdiction over real property located within the district the court resides in.  *See Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) (noting "every state possesses exclusive jurisdiction and sovereignty over persons and property within its territory"); *see also* 28 U.S.C. § 1395(b).  Claimant's reliance on *Morrison* is misplaced because this action concerns the forfeiture of real property located in Bexar County, Texas.  Pursuant to 18 U.S.C. § 1956(f) the United States has extraterritorial jurisdiction over non-U.S. citizens engaged in money laundering when the transactions exceed

motion to dismiss for failure to satisfy the pleading requirements of Fed. R. Civ. P. Supp. E(2) and Fed. R. Civ. P. Supp. G(2) are dismissed as moot.

Both parties agree the applicable pleading standards governing this case are found in Fed. R. Civ. P. Supplemental Rule G(2).  The standard is higher than the pleading requirements of Fed. R. Civ. P. Rule 12(b)(6) but still "subject to the general standard that the complaint sufficiently notify the defendant of the incident in dispute and afford a reasonable belief that the claim has merit."  *United States v. Mondragon*, 313 F.3d 862, 865 (4th Cir. 2002) (quoting *Riverway Co. v. Spivey Marine and Harbor Service Co.*, 589 F. Supp. 909, 913 (S.D. Ill. 1984)). Thus, if the government satisfies the pleading requirements of Rule G(2) it additionally satisfies the pleading requirements of Rule 12(b)(6).

Under Rule G(2), the complaint must state, *inter alia*, "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f).  This rule consolidated the various civil forfeiture pleading requirements found among Supplemental Rules A, C, and E which previously governed *in rem* proceedings.  *See* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, RICHARD L. MARCUS & ADAM N. STEINMAN, FEDERAL PRACTICE AND & PROCEDURE § 3261 (2d ed. 2015). The Advisory Committee's notes regarding Rule G(2) specifically explain that the pleading requirements of Supplemental Rule E(2) are incorporated into the rule.  Fed. R. Civ. P. Supplemental Rule G(2) advisory committee's notes.

The Fifth Circuit has stipulated that Supplemental Rule E(2) "require[s] the government to allege 'facts supporting a reasonable belief that it will be able to bear its burden at trial.'" *United States v. $109,086.00 & $42,350.00 in United States Currency*, No. Civ.A. H-04-3727, 2005 WL 1923613, at *3 (S.D. Tex. Aug. 10, 2005) (quoting *United States v. $49,000 Currency*,

$10,000 in value. The alleged purchase of real property in Bexar County, Texas with illegally obtained funds, therefore, grants this Court personal jurisdiction in the case.

330 F.3d 371, 376 n.8 (5th Cir. 2003)).  The government must "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definitive statement, to commence an investigation of the facts and to frame a responsive pleading."  *Id*.  The responsive pleading must "identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by the claimant under penalty of perjury, and be served on the government attorney."  Fed. R. Civ. P. Supplemental Rule G(5)(a)(i).  Thus, the government has properly met its pleading burden under Rule G(2) if it has substantively complied with the pleading standards of Rule E(2) to permit a claimant to respond under Rule G(5).

### III. Analysis

Claimant first argues Petitioner's Amended Complaint should be dismissed for failure to satisfy the pleading requirements of Fed. R. Civ. P. Supplemental Rule G(2).  (Docket No. 22 at 2–5).  After filing its Amended Complaint, Petitioner sealed the facts supporting the complaint, effectively withholding from Claimant the "sufficiently detailed facts" necessary to satisfy Rule G(2).  (Docket No. 21).  Claimant asserts the sealing of the record has deprived her of an opportunity to begin a defense and that Petitioner has only tracked the language of the statute without providing any facts to support civil forfeiture.  (Docket No. 22 at 3, 5).

The crux of Claimant's argument rests on the position that Petitioner has not pled actual facts in support of civil forfeiture, that is, because the facts were sealed the complaint did not actually plead anything for Claimant to respond to.  (Docket No. 22 at 4).  In support, Claimant directs this court's attention to *United States v. $49,000 Currency*, a Fifth Circuit case which, as stated above, requires the government to plead "facts supporting a reasonable belief that it will be able to bear its burden at trial."  330 F.3d at 375 n.8.  This standard was articulated by the Fourth Circuit in *United States v. Mondragon*, 313 F.3d at 865–66, and was specifically adopted

4

by the advisory committee when drafting Fed. R. Civ. P. Supplemental Rule G(2).  Fed. R. Civ. P. Supp. R. G(2) advisory committee notes.  Claimant essentially contends that, because the facts in this case are sealed, no facts are alleged and the pleading requirements have not been satisfied. (Docket No. 22 at 5).

The court disagrees.  The Advisory's Committee's note regarding Fed. R. Civ. P. Supplemental Rule G(3) contemplates that prompt service of process for a civil forfeiture action may be delayed when the Petitioner demonstrates good cause for sealing the record, such as protecting an ongoing criminal investigation.  Fed. R. Civ. P. Supp. R. G(3) advisory committee's notes.  Petitioner is similarly attempting to protect an ongoing criminal investigation in connection with the real property involved.  This Court granted the application to seal the facts in support of Petitioner's claim after good cause was shown.

Here, the facts pled by Petitioner sufficiently support the reasonable belief that Petitioner will satisfy its burden at trial. While the Claimant may not have access to the specific facts, it does not alter the fact that the Court has received sufficiently detailed facts in support of Petitioner's case.  The government is not required "to set out the evidence of its allegations in its complaint or plead every fact at its disposal." *$109,086.00 Currency*, No. Civ.A. H-04-3727, 2005 WL 1923613, at *5.  The advisory committee's notes sufficiently address Claimant's objection because the government has demonstrated a compelling need to seal the facts to protect an ongoing criminal investigation.  These facts have sufficiently established grounds for a reasonable belief the government will meet its burden at trial in compliance with Rule G(2). Accordingly, the government has properly satisfied the pleading requirements of Rule 12(b)(6) as well.  *See* Fed. R. Civ. P. Rule 12(b)(6).

Claimant, however, is not without recourse.  Petitioner has stated it is willing to provide a copy of "Redacted Facts" upon the entry of a protective order from the Court.  (Docket No. 23 at

5-6).  Further, Petitioner has recommended this Court permit Claimant to file an amended answer within twenty-one days from the time the "Redacted Facts" are unsealed.  (Docket No. 23 at 6-7).  This Court agrees and orders the parties review this Court's standard protective order and, if it is agreeable to both parties, file a motion for its entry.  Petitioner should then file a copy of the "Redacted Facts" it references within three weeks after the Court enters a protective order.  Claimant will then have three weeks to file her amended answer.

### IV. Conclusion

For the foregoing reasons, Claimant's Motion to Dismiss Petitioner's Complaint for Forfeiture for Lack of Jurisdiction (Docket No. 13), Claimant's Motion to Dismiss Complaint for Failure to Satisfy the Pleading Requirements of Federal Rule of Civil Procedure Supplemental Rule E(2) and G(2) (Docket No. 15), and Claimant's Motion to Dismiss Amended Verified Complaint for Forfeiture, pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim upon which Relief can be Granted (Docket No. 22) are DENIED.

Petitioner and Claimant should file a motion for entry of a protective order by **April 12, 2016**.  Petitioner is ordered to file "Redacted Facts" within three weeks after a protective order is entered.  Claimant is ordered to file an amended answer within three weeks after the "Redacted Facts" are published.

It is so ORDERED.

SIGNED this 29th day of March, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE